## Supreme Court—General Term—First Department.

*May,* 1886.

## PEOPLE *v.* JOYCE.

WITHDRAWAL OF PLEA—REVIEW ON APPEAL OF DISCRETION AS TO.

On an appeal from a judgment of conviction, entered upon a plea of "guilty," the appellate court may review an order denying defendant's motion to withdraw said plea and substitute therefor the plea "not guilty." DANIELS, J., dissents.

*It seems*, that such an appeal is authorized under section 517 Code Criminal Procedure, which permits the appellate court to review on appeal from a judgment of conviction, any "intermediate order or proceeding forming part of the judgment roll, as presented by section 4∿5," and section 485, providing that the judgment roll must contain "a copy of the plea or demurrer." DANIELS, J., dissents.

Upon a review of the facts in this case, *Held*, that defendant should have been permitted by the trial court to withdraw his second plea of "guilty," and reinstate his original plea of "not guilty." DANIELS, J., dissents.

APPEAL from a judgment or sentence of the Court of General Sessions of the county of New York, convicting the defendant, John Joyce, of the crime of robbery, after his conviction and punishment for another felony.

The facts appear in the opinion.

*Frank J. Keller*, for the prisoner, appellant.

*Randolph B. Martine*, district attorney, (*Delancey Nicoll*, assistant), for the people, respondent.

DANIELS, J.—The defendant was charged with the crime of robbery, committed by the aid of an accomplice, actually present, as that offense has been described in section 228 of the Penal Code. It was further charged in the indictment that he had previously been convicted and sentenced for another felony committed by him. Upon being arraigned upon the indictment, he pleaded not guilty.

On May 19, 1885, it was proposed by the district attorney to move the case of O'Keefe, indicted with him, for trial. It is then stated by the case as it is presented, that Joyce, the defendant, voluntarily requested to be arraigned for the purpose of being a witness in favor of O'Keefe, and withdrawing his plea of not guilty and substituting a plea of guilty. He was thereupon asked whether he desired to plead guilty as charged in the indictment, to which he replied that he should like to plead guilty to the crime of robbery in the first degree, but not to that part of the indictment which charged him with the second offense. He was then informed that a plea of guilty to the crime of robbery would not be accepted, and he thereupon pleaded

guilty to the indictment charging him with robbery as a second offense. O'Keefe was then placed upon his trial and was acquitted; and after that, and on the same day, the defendant, by his counsel, asked permission to withdraw this plea of guilty and substitute therefor a plea of not guilty. The court declined to permit that to be done, and proceeded to sentence the defendant for the crime charged in the indictment. By that sentence, he was sentenced to be imprisoned in the State prison for the term of twenty-five years, and this appeal has been brought to review the action of the court in refusing to permit him to withdraw his plea of guilty, and to interpose a plea of not guilty.

It appears from the case, in what transpired in his behalf previously before the court and after the finding of the indictment, that it was stated that the defendant was guilty of the offense charged against him, but it was desired that leave should be given to permit him to be convicted simply of the crime of robbery. That was declined, for the reason that it had been conceded that he was guilty, and the additional circumstance that he had previously been charged with and convicted of the commission of different crimes, and punished upon such convictions.

In 1873, it is stated that he was convicted of the crime of burglary, upon his own confession, and sentenced to imprisonment for the term of two years and six months. In 1879, he was again indicted for the crime of grand larceny from the person in the night time, and feloniously receiving stolen goods. Upon that indictment, he was convicted and sentenced to imprisonment for the term of five years. In 1884, he was indicted for the crime of an assault in the second degree, and pleaded guilty to an assault in the third degree, and was sentenced to the penitentiary for the term of one year. The court, regarding him as a confirmed offender, from what had previously transpired in this manner, and what had been said concerning the charge made against him in the indictment in this case, declined to permit him to withdraw his plea of guilty and plead not guilty, after the acquittal of O'Keefe, obtained, in part at least, by the evidence he himself gave upon the trial. And the facts were such as appear to have justified the court in denying the

application made on behalf of the defendant. As to his guilt, there seems to be no reason whatever for doubt; and that he was an old offender, habituated to the commission of crime, appears from the previous proceedings had against him in the Court of General Sessions. Under these circumstances, the discretion of the court was reasonably used in refusing him the leave for which he applied. The chief reason assigned in his behalf, in support of the application, was that the court had been accustomed to convene at eleven o'clock in the forenoon, and that on this day it convened at the hour of ten o'clock, which was unknown to the defendant's counsel. But the defendant himself does not appear to have suffered any legal injury by this misapprehension of the time, and the absence of his counsel which was caused by it, for other counsel was assigned for him by the court, and he, at his own request, fully understanding the charge made against him, interposed his plea of guilty.

But if the court erred in declining to permit him to withdraw his plea of guilty and plead not guilty, the error cannot be corrected by this appeal. It does not definitely appear from what the appeal has been taken, but as no appeal has been provided from an order or decision of this description, it probably has been taken from the judgment itself. And upon such an appeal under section 517 of the Code of Criminal Procedure, the court has been allowed to review an intermediate order or proceeding, forming a part of the judgment roll, as prescribed by section 485. That section, however, includes no such proceeding as that which has been now made the subject of complaint, for the judgment roll is not required to contain any statement whatever of the fact that a defendant pleading guilty, may afterwards apply for leave to withdraw that plea and put in the plea of not guilty. Neither the proceeding, nor the order made upon the application, will, under this section, form any part of the judgment roll in the case, and accordingly the power to review such an order is not contained in section 517 already referred to; neither was the motion of such a description as would permit it to be reviewed as an application for a new trial under section 465 of the Code of Criminal Procedure; for, in all in-

stances provided for by this section in which an application for a new trial is permitted to be made, the verdict of a jury will necessarily have been previously rendered against the defendant, and the object of the motion is simply and only to set aside such a verdict. Neither is the case within section 527 of the Code of Criminal Procedure, as that was amended by chapter 360 of the Laws of 1882 ; for the additional authority there given to the court, is to order a new trial, when it may be satisfied that the verdict against the prisoner is against the weight of evidence or against law, or that justice requires a new trial. In this, as well as the other cases mentioned in section 465, the application is necessarily to set aside the verdict and obtain a new trial. These sections of the Code have been framed in unmistakable language, and for that reason the defendant could obtain no relief under the provisions declaratory of the cases in which an application for a new trial after a criminal conviction can be made. And there seems to be no other section of the Code of Criminal Procedure under which this court has the authority to review the proceedings of the Court of Sessions on this application. It has not been deemed necessary for the protection of persons accused of crime, that the appellate, or supervisory power of this court should be so far extended as to include the review of a determination of this description. Commonly, they are regarded with great liberality by the court to which the application is made. Where a person accused of crime may, inadvertently or unadvisedly, plead guilty to an indictment, and afterwards apply for the privilege to withdraw that plea and plead not guilty, the leave is commonly granted, as it should be, in the liberal spirit and exercise of the authority conferred over criminal cases upon the courts, and that, undoubtedly, would have secured to this defendant the privilege which was asked, had his case not been one of an exceptional character. It appeared to be such, and that no injustice had been done to himself by pleading guilty to the indictment.

After he did that, and secured the object desired to be accomplished by him, of being a witness in favor of the other person indicted with him, his application under the circum-

stances appearing, relating to his previous criminal career, was properly denied, and his conviction should be affirmed or the appeal dismissed.

MACOMBER, J.—From the conclusion arrived at by the learned judge, to whom the duty was assigned to write the opinion of the court in this case, I feel constrained to withhold my concurrence.

The defendant was indicted for the crime of robbery after a conviction and punishment for another felony. He had counsel of his own choosing who had undertaken his defense in this case, but who was unavoidably absent at the time when the defendant withdrew his plea of not guilty, and entered a plea of guilty of the crime charged in the indictment. The court had assembled at a time which was about an hour earlier than was usual and customary with it, of which purpose the defendant's counsel had had no previous notice. While it is true that the court assigned to the defendant new counsel, yet I am not prepared to say that under all the circumstances the defendant's election to withdraw the plea of not guilty was not made under sudden confusion and personal pressure brought to bear upon him.

Under ordinary circumstances, doubtless the learned trial judge would have accorded to the accused the privilege which is commonly exercised with great liberality of withdrawing his plea of guilty and standing upon the plea which had already been made under the direction of his counsel. The reason for refusing such request appears in the printed case under the heading of a statement of facts by the trial judge. By this statement it fully appears that the defendant is a hardened criminal, having served many terms of imprisonment, and that the judge himself believed that his only object of withdrawing his plea of not guilty and entering a plea of guilty, was to render himself a competent and efficient witness in behalf of O'Keefe, who was jointly indicted with him for the same robbery.

Strange as it may appear, however, the learned judge seems to have fallen into a serious error in the most important matter·

of fact. I am not prepared to say but that if the court had reason to believe that the conduct of the defendant was only a device to get his friend off, that he did not do exactly right in refusing this request which was addressed to the sound discretion of the court. Yet in the printed case, as it is made up, it appears that the city judge had fallen into a serious error in this important and controlling particular; for we have the certified copy of the minutes of the trial of O'Keefe, in which it is shown beyond all question that this defendant was not called as a witness in behalf of the defendant or in behalf of the people, and whereby it is further shown that O'Keefe was acquitted of the crime charged against the two defendants by the jury without leaving the box. While, therefore, the defendant appears to be a hardened criminal, he had the same right in my judgment, under all of the circumstances, to call upon the court for the exercise of its sound and judicial discretion as any other prisoner at the bar against whom a judgment of outlawry had not been pronounced.

It does not, as is pointed out by Judge DANIELS in his opinion, clearly appear from what particular thing this appeal is taken, yet the case is presented to us upon a record to which neither party objects, and we are called upon to determine whether the refusal of the trial judge was under the facts justified or not.

It is not necessary for us to hold that the refusal of the learned judge was an abuse of a discretion which he possessed, but that, on the contrary, acting upon a misapprehension of the facts, his decision was simply a legal error. Under these circumstances, the defendant has the right to call upon this court to exercise its discretion upon these facts, not as they were erroneously believed by the court to exist, but as they actually were. The fair inference derivable from the statement of the judge contained in the case is, that, except for the preconceived purpose of the defendant to help clear O'Keefe by his own testimony, followed by giving testimony to that end, the learned judge's decision would have been different; but, as was shown above, the assumption of the existence of these facts was erroneous.

While this court has not any authority to review decisions of questions arising on trials of indictment, except such as is given

by statute, I do not see in the way the difficulties of reviewing the order involved in the judgment in this case which my associate believes to exist. Section 517 of the Code of Criminal Procedure permits us to review, upon an appeal from the judgment of conviction, any "intermediate order or proceeding forming part of the judgment roll, as presented by section 485." Subdivision 6 of section 485 makes a copy of the minutes of any proceeding upon a motion for a new trial, or in arrest of judgment, a necessary part of the judgment roll. Under section 467, and the decisions as they now stand, the application to the trial court cannot be said to be in arrest of judgment. Neither was it a motion for a new trial, as prescribed by section 465. It was rather an application under section 337 to withdraw the former plea, and to substitute therefor the plea of not guilty, and was addressed to the judicial discretion of the judge then presiding, which was exercised, as has already been pointed out, upon a misapprehension of the facts. The judgment roll, under section 485, must contain, among other things, "a copy of the minutes of the plea or demurrer." Would that record be a true record, if it did not contain the original plea of not guilty, the subsequent withdrawal thereof, the plea of guilty in its stead, and the application to withdraw that also, and the reinstatement of the original plea, and the denial of that motion? These are the things which resulted in an intermediate order, and it is that order which this court is now called upon to review upon the appeal from the judgment. The appeal, under section 517, need not be from a judgment which has been entered after the denial of a motion in arrest of judgment, or after the refusal to grant a new trial; but is only required to be from a "judgment on a conviction after indictment." That section does not limit the right to review to cases only where a jury has actually rendered a verdict. Under such statutory authority, it seems to me that the appellant is not remediless under the Code of Criminal Procedure, but is fairly entitled to our judgment whether or not, upon the facts shown, he should have been permitted to stand upon the original plea to the indictment. The right of appeal being thus shown to exist, and our power to review any intermediate order involved in the judgment

being conceded, if there is a right to appeal, I do not see, in analogy with other appeals, both civil and criminal, why the appellant cannot call upon us to say whether or not the discretionary power given by section 337 was properly exercised.

The conviction and judgment should be reversed, and the defendant should be allowed to withdraw his plea of guilty, and substitute in place thereof his former plea of not guilty, and the case should be remitted to the General Sessions to proceed accordingly.

BRADY, J.—I concur in the result at which Judge MACOMBER arrived.